United States District Court
Southern District of Texas
**ENTERED**
May 08, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| LARRY MCMINN, § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 4:22-cv-00374 |
| § | |
| WAL-MART STORES TEXAS, LLC, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

Plaintiff Larry McMinn ("McMinn") alleges that, while shopping at a store owned by Defendant Wal-Mart Stores Texas, LLC ("Wal-Mart"), he suffered personal injuries when he was struck by a Wal-Mart employee using a motorized cart pusher. McMinn originally filed this lawsuit in state court. Wal-Mart timely removed the case, asserting that this Court possesses diversity jurisdiction.

On Friday, May 5, 2023, I held a status conference. At that status conference, McMinn's counsel requested that this case be remanded to state court based on a lack of diversity jurisdiction. I told the parties I would consider counsel's request as an oral motion to remand.

As the parties are well aware, a district court has subject-matter jurisdiction over civil actions between citizens of different states that involve an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). For diversity purposes, McMinn is a Texas citizen while Wal-Mart is considered a citizen of Delaware and Arkansas. As such, there is complete diversity of citizenship. The question is whether more than $75,000 is at stake.

The federal removal statute provides that "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). As a result, when the initial pleading demands a specific amount, that sum "is itself dispositive of jurisdiction if the claim is apparently made in good

faith." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014) (quoting *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984)); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (a plaintiff's demand, as it appears on the face of the original pleading, normally controls).

McMinn's state court petition asserts that he seeks "monetary relief of over $250,000 but not more than $1,000,000." Dkt. 1-3 at 1. This admission, Wal-Mart argues, satisfies the $75,000 amount in controversy requirement. I concur.

McMinn's claim for relief appears to have been made in good faith, and McMinn has failed to demonstrate that it is legally impossible for him to recover more than $75,000 at trial. To the contrary, McMinn's counsel expressly stated at the May 5th status conference that in the event I deny McMinn's remand request, he intends to argue to the jury that his client is entitled to more than $75,000 in damages. The fact that McMinn's counsel has demanded more than $75,000 to settle this matter provides further evidence that the amount in controversy requirement has been met. *See Sowell v. W. Mut. Ins. Co.*, No. SA-22-CV-01283, 2023 WL 157791, at *3 (W.D. Tex. Jan. 11, 2023) (considering a settlement demand to determine the amount in controversy).

A lawsuit filed in Texas state court must contain a statement that the plaintiff seeks damages within one of three predefined ranges. *See* TEX. R. CIV. P. 47(c). The three ranges are: (1) $250,000 or less; (2) over $250,000 but not more than $1 million; or (3) over $1 million. *See id.* McMinn argues that "Texas Rule of Civil Procedure 47 does not provide a monetary relief pleading of less than $75,000, which effectively makes every case filed in every state Court a case that is in excess of the Federal Court jurisdictional limits." Dkt. 31 at 1–2. I completely disagree. "In isolation, seeking monetary relief of $250,000 or less in accordance with [Texas Rule of Civil Procedure 47] does not make it facially apparent that the federal jurisdictional amount in controversy is satisfied. Instead, such requested relief is an amount plausibly below the $75,000 threshold." *Plummer v. Witty Yeti, LLC*, No. SA-21-CV-0966, 2021 WL 5771875, at *3 (W.D. Tex. Dec. 6, 2021) (quotation

omitted). Had McMinn wanted to seek less than $75,000 in monetary damages in this case, he could have easily complied with the Texas rules by stating that he was seeking monetary relief of $250,000 or less. Instead, he chose to pick a range of damages—$250,000 to $1 million—that far exceeds the $75,000 threshold. It should come as no surprise that district courts in Texas routinely refuse to remand a case when the state court petition selects a range of damages that unquestionably exceeds the $75,000 jurisdictional limit. *See, e.g.*, *Kraemer v. RCLoft, LLC*, No. 3:22-CV-00157, 2022 WL 4588413, at *2 (S.D. Tex. Sept. 29, 2022); *Acker v. Prospect Airport Servs., Inc.*, No. 1:21-CV-8, 2021 WL 2695133, at *2 (W.D. Tex. Mar. 24, 2021).

On May 4, 2023, McMinn filed a First Amended Original Petition and Jury Demand ("Amended Petition"). *See* Dkt. 31. The Amended Petition removes the request for between $250,000 to $1 million in damages and instead requests "damages in an unspecified amount to be determined by the jury." *Id.* at 4. This attempt to eliminate any specific request for damages in excess of $75,000 is legally irrelevant. It is black letter law that the amount in controversy in a diversity case is determined by the pleadings at the time of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of the removal."). The propriety of removal thus rises or falls on the allegations contained in McMinn's Original Petition, which I have already discussed.[1]

In conclusion, I am convinced that I possess subject-matter jurisdiction because the parties are diverse and the amount in controversy at the time of removal exceeded $75,000. McMinn's oral motion for remand is denied.

A jury trial will commence on Tuesday, September 26, 2023. We will hold a short pretrial conference by Zoom at 9 a.m. on Wednesday, September 20, 2023.

---

[1] As an aside, McMinn did not seek leave to file the Amended Petition. The Docket Control Order set a July 8, 2022 deadline to file amended pleadings. *See* Dkt. 15 at 1. Because the Amended Petition was filed well after that deadline, I strike the Amended Petition.

3

By 5 p.m. on Friday, September 15, 2023, the parties are ordered to file (1) exhibit lists, (2) proposed jury charges, and (3) any motions in limine. By that same September 15, 2023 deadline, the parties are also ordered to email my case manager, Ruben Castro, the proposed jury charges in Microsoft Word form and to deliver two copies of all exhibits to my attention at the Houston federal courthouse.

SIGNED this 8th day of May 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE